UNITED STATES COURT OF APPEALS

**March 29, 2012**

FOR THE TENTH CIRCUIT

WILLIAM L.A. CHURCH,

      Plaintiff-Appellant,

v.

OKLAHOMA CORRECTIONAL
INDUSTRIES; CELLFOR, INC.;
STATE OF OKLAHOMA, ex rel.
OKLAHOMA DEPARTMENT OF
CORRECTIONS; JUSTIN JONES,
Director, DOC; JOHNNY BLEVINS,
Administrator, DOC; DAVID
PARKER, Warden; CHARLENE
BREDEL, Trust Fund Supervisor;
GERALD DAVID, Plant Manager;
ALEX LUNN, Industry Manager,
Supervisor; BOB THOMLINSON,
Superintendent; RICK VERHINES,
Vice President, CellFor, Inc.;
JAMMIE PATTERSON, Factory
Superintendent; JENNIFER LOYD,
CellFor, Inc.; OKLAHOMA PARDON
AND PAROLE BOARD; SUSAN B.
LOVING, Chairman, Oklahoma
Pardon and Parole Board; JANE F.
WHEELER, Assistant Attorney
General; VIRGINIA DEPARTMENT
OF CORRECTIONS; VIRGINIA
PAROLE BOARD;
COMMONWEALTH OF VIRGINIA,

      Defendants-Appellees.

No. 11-6272
(D.C. No. 5:10-CV-01111-R)
(W.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

William Church was convicted in Virginia of rape and forcible sodomy and for those crimes sentenced to prison. Thanks to an interstate compact, Mr. Church finds himself serving his Virginia sentence in an Oklahoma state prison. In this *pro se* 42 U.S.C. § 1983 action, originally filed in Oklahoma federal court, Mr. Church seeks relief on an array of claims against various officials in Oklahoma and Virginia alike. The magistrate judge assigned to the case ultimately prepared three separate reports and recommendations assessing all of Mr. Church's claims. And after careful review, we are convinced the district judge was right to adopt the magistrate judge's recommendation to dismiss or grant summary judgment on all of Mr. Church's claims. By way of example, Mr. Church argues his innocence, claiming that he is not the self-same "William Church" who was convicted of rape and forcible sodomy in Virginia. But

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Church fails to allege facts suggesting he might have a plausible claim on this score. And even if he had, to the extent he seeks release or calls into question his conviction and sentence, Mr. Church's lawful remedy isn't a § 1983 damages action but a habeas petition. *See Church v. United States*, 2008 WL 5704482 (E.D. Va. 2008) (explaining the same in an earlier case filed by Mr. Church).

Affirmed.

Entered for the Court

Neil M. Gorsuch
Circuit Judge